**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| TOMMIE RAY DRUMMOND, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 08-0294-CG-C |
| UNITED STATES OF AMERICA, | : CRIMINAL ACTION NO. 07-0017-CG |
| | : |
| Respondent. | |

**REPORT AND RECOMMENDATION**

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on petitioner Tommie Ray Drummond's Motion for Certificate of Appealability (Doc. 43) and motion for leave to appeal *in forma pauperis* (Doc. 44). Based upon a thorough review of these motions and all other pertinent pleadings in this case, it is recommended that petitioner's request for a certificate of appealability ("COA") be denied. It is further recommended that Drummond's

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefor directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

motion for leave to appeal *in forma pauperis* be denied on the basis that it is not taken in good faith and that he be required to pay the filing fee pursuant to 28 U.S.C. § 1915(b).

## BACKGROUND

Tommie Ray Drummond, a federal prisoner, entered counseled guilty pleas to two counts of bank fraud on March 6, 2007. (*See* Docs. 11 & 28) Petitioner was sentenced to concurrent 70-month terms of imprisonment on June 6, 2007. (*See* Docs. 19 & 29) Drummond did not directly appeal his convictions and sentences (*see* Docket Sheet); however, some eleven and one-half months later he filed a motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 21). On August 25, 2008, the undersigned issued a Report and Recommendation that petitioner's motion to vacate be denied on the basis that Drummond's claims[2] had no merit and petitioner had failed to establish a violation of his constitutional rights. (Doc. 33) Drummond's objections to the

---

[2] Petitioner raised the following claims: (1) ineffective assistance of counsel due to trial counsel's failure to discuss and file a notice of appeal; (2) his plea of guilty to the charges was not knowingly and voluntarily entered because trial counsel failed to correct aspects of the plea agreement with which petitioner did not agree and told him nothing could be done about the 70-month sentence he received though he had assured him he would only receive a sentence ranging from 6 to 18 months; (3) ineffective assistance of counsel due to trial counsel's advice to plead guilty without the benefit of any discovery or knowledge of the government's case against him; and (4) trial counsel coerced him into pleading guilty by telling him that if he did not sign the plea agreement, the government would prosecute his sick wife and elderly mother. (*See* Doc. 33, at 27)

2

report and recommendation (Doc. 39) were overruled by Chief United States District Judge Callie V.S. Granade and judgment was entered denying the § 2255 petition based upon petitioner's failure to establish that his constitutional rights had been violated (Docs. 40 & 41). On November 10, 2008, Drummond appealed (Doc. 42) and concurrent with the filing of his Notice of Appeal he filed his Motion for Certificate of Appealability (Doc. 43) and motion for leave to appeal *in forma pauperis* (Doc. 44).

## DISCUSSION

  **A.** **Certificate of Appealability.** Drummond's motion for COA is governed initially by 28 U.S.C. § 2253(c)(1)(A), which provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" As recognized by the Eleventh Circuit in *Gonzalez v. Secretary for the Dep't of Corrections*, 366 F.3d 1253, 1264 (2004), "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination."

  A COA may be issued "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition has been denied based upon the merits of the underlying constitutional claims, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id*. at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'").

In his twenty-six-page motion for certificate of appealability, Drummond sets forth at length his reasoning for why reasonable jurists would find the undersigned's assessment of his ineffective assistance of counsel claims at the very least debatable if not, in fact, downright wrong. (Doc. 43) Viewing the motion for COA and the report and recommendation through the prism of the standards outlined in § 2253(c)(2) and *Slack* for issuance of a COA, the undersigned finds, however, for reasons stated in the report and

recommendation, that reasonable jurists could not debate whether Drummond's § 2255 motion to vacate should have been resolved in a different manner. Accordingly, it is recommended that petitioner's Motion for Certificate of Appealability (Doc. 43) be **DENIED**.

**B.** **Motion to Proceed on Appeal *In Forma Pauperis*.** A determination whether petitioner's motion to proceed on appeal *in forma pauperis* should be granted is informed by 28 U.S.C. § 1915 and Fed.R.App.P. 24. *See Ex parte Chayoon*, 2007 WL 1099088, *2 (M.D. Fla. 2007) (citation omitted). Section 1915(a) provides, as follows:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

>       (3)   ***An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.***

*Id*. (emphasis supplied). Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

> **(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> **(B)** claims an entitlement to redress; and
>>
>> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

*Id*.

The test for whether an appeal is taken in good faith under § 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. *Chayoon, supra*, at *1 (citation omitted). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather [the appropriate

6

inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, 2008 WL 906011, *1 (S.D. Ohio 2008); *see also Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

The undersigned has thoroughly addressed Drummond's claims of ineffective assistance of counsel and found them to be without merit. Having thoroughly addressed the pertinent issues, the undersigned cannot now find, objectively speaking, that there is any non-frivolous issue to be litigated on appeal. In particular, the undersigned has read *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and does not find that it transforms any of petitioner's claims of ineffective assistance of counsel into a non-frivolous issue to be litigated on appeal. Accordingly, it is recommended that the District Judge deny the motion to proceed *in forma pauperis* on appeal and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

## CONCLUSION

It is recommended that petitioner's Motion for Certificate of Appealability (Doc. 43) be **DENIED** because reasonable jurists could not debate whether Drummond's § 2255 motion to vacate should have been

resolved in a different manner.  It is further recommended that the District Judge deny the motion to proceed *in forma pauperis* on appeal (Doc. 44) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

**DONE** this the 2nd day of December, 2008.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**